J-S14029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY DARRELL HEATH | : | |
| | : | |
| Appellant | : | No. 356 EDA 2019 |

Appeal from the PCRA Order Entered January 11, 2019
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0001175-2014

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED MAY 13, 2020**

Appellant, Anthony Darrell Heath, appeals *pro se* from the order entered in the Lehigh County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On February 1, 2014, Appellant strangled Victim to death, dragged her body down the embankment of a remote road, doused her body in lighter fluid, and lit her body on fire.  Appellant then used Victim's vehicle to flee to North Carolina, where he was ultimately apprehended.  Following trial, a jury convicted Appellant on June 23, 2015, of first-degree murder, theft by unlawful taking, receiving stolen property, access device fraud, abuse of a corpse, and tampering with evidence.  On July 29, 2015, the court imposed an aggregate

sentence of life in prison, plus eight (8) to sixteen (16) years' imprisonment. This Court affirmed the judgment of sentence on February 21, 2017, and our Supreme Court denied allowance of appeal on August 30, 2017. **See Commonwealth v. Heath**, 161 A.3d 382 (Pa.Super. 2017), *appeal denied*, 642 Pa. 527, 170 A.3d 1023 (2017).

Appellant timely filed the instant *pro se* PCRA petition on August 7, 2018. The court appointed PCRA counsel, and on November 7, 2018, counsel filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The court issued notice, on November 26, 2018, of its intent to dismiss the petition without a hearing under Pa.R.Crim.P. 907, and permitted PCRA counsel to withdraw. Appellant responded to the Rule 907 notice on December 21, 2018. The court formally dismissed the petition on January 11, 2019. On January 29, 2019, Appellant timely filed a *pro se* notice of appeal. Appellant also filed a voluntary concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), on March 28, 2019.

Appellant raises the following issues on appeal:

> [APPELLANT] WAS DEPRIVED OF A MEANINGFUL AND FAIR JURY TRIAL. HE WAS FURTHER DEPRIVED OF DUE PROCESS, FUNDAMENTAL FAIRNESS AND EQUAL PROTECTION OF BOTH STATE AND FEDERAL PROCESS PRINCIPLES [BECAUSE] HE COULD NOT AFFORD THE COST OF SUBPOENA PROCESS, A FINANCIAL IMPEDIMENT BEYOND HIS CONTROL. [APPELLANT] WAS FURTHER DEPRIVED OF A MEANINGFUL AND FAIR DEFENSE.

> FURTHER, [APPELLANT] WAS ALSO SUBJECTED TO AN ILLEGAL SEARCH AND SEIZURE OF HIS ACTUAL PERSON DUE TO … MISLEADING FALSE REPORTS OF A STOLEN VEHICLE. SEVERAL ACTS OF PROSECUTORIAL MISCONDUCT, OR SECURING AND PRESENTING PERJURED TESTIMONY AS WELL AS DISCOVERY DUE PROCESS AND RULE VIOLATIONS. ILLEGAL SENTENCING ISSUES. TRIAL COURT ABUSE OF DISCRETION ISSUES REGARDING ITS FAILURE AND REFUSAL TO RECUSE. LEGAL CAUSATION ISSUES REGARDING CAUSE OF DEATH AND FAILURE AND REFUSAL OF TRIAL JUDGE TO PRESENT [A] DEFENSE JURY INSTRUCTION. *NUNC PRO TUNC* ISSUES OF LAW REGARDING COURT APPOINTED DIRECT APPELLATE COUNSEL. ALL COURT APPOINTED COUNSELS ABANDONED [APPELLANT].

(Appellant's Brief at 17).

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

> **Rule 2119. Argument**
>
> **(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super.

2007), *appeal denied*, 596 Pa. 703, 940 A.2d 362 (2008) (internal citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id.* If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa.Super. 2006) (holding appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). *See also In re R.D.*, 44 A.3d 657 (Pa.Super. 2012), *appeal denied*, 618 Pa. 677, 56 A.3d 398 (2012) (holding appellant waived issue, where argument portion of appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding issue generally or specifically; appellant's lack of analysis precluded meaningful appellate review). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. *Commonwealth v. Lyons*, 833 A.2d 245 (Pa.Super. 2003), *appeal denied*, 583 Pa. 695, 879 A.2d 782 (2005).

Instantly, Appellant's handwritten *pro se* brief consists of over fifty pages of repetitive, rambling, and incoherent argument, mixed with citations to general case law. Appellant's failure to adequately develop his issues on appeal prevents meaningful review and constitutes waiver of his claims. *See Hardy, supra*; *Gould, supra*.

Moreover, even if Appellant properly preserved his issues on appeal, he would not be entitled to relief. Our standard of review of the denial of a PCRA

petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. **Commonwealth v. Wah**, 42 A.3d 335 (Pa.Super. 2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Kelly L. Banach, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (**See** PCRA Court Opinion, filed January 11, 2019, at 2-6) (finding: counsel's "no-merit" letter analyzed seven "comprehensible" issues; **(1)** government officials did not interfere with Appellant's appellate rights; Appellant received appointed counsel and fully litigated his direct appeal before Superior and Supreme Courts; **(2)** Appellant failed to identify any

newly-discovered evidence, and his arguments are based on facts that were known at time of omnibus pretrial motion filing; moreover, Appellant has not included affidavit from new witness at issue; **(3)** Appellant waived claim regarding denial of constitutional right to call witnesses at trial because it was not raised on direct appeal; **(4)** Appellant waived claim regarding trial judge's failure to recuse, because it was not raised on direct appeal; furthermore, Appellant had jury trial; Appellant has not demonstrated how court interfered with jury's ability to reach verdict fairly and impartially; **(5)** Appellant waived claim regarding unlawful seizure, because it was not raised on direct appeal; **(6)** Appellant waived claim regarding Commonwealth's withholding of exculpatory evidence; moreover, Commonwealth did not actually possess evidence Appellant wanted to review; **(7)** to extent Appellant claims appellate counsel was ineffective for failing to raise certain issues, many of Appellant's issues stem from fact that he proceeded *pro se* at trial; Appellant cannot disguise his own ineffectiveness by alleging that appellate counsel was deficient). The record supports the PCRA court's decision. Accordingly, Appellant's issues are waived; but even if Appellant had properly preserved them, we would affirm based on the PCRA court's opinion.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 5/13/2020*

**IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA      |

         vs.                                |      No.      1175/ 2014

ANTHONY HEATH,                    |      356 EDA 2019
            Appellant                |

## ORDER

**AND NOW**, this _28th_ day of March, 2019, upon consideration of Appellant's _pro se_ Notice of Appeal, filed on January 29, 2019;

**IT APPEARING** that the Order filed on January 11, 2019, specifically identified the reasons why this Court denied the Appellant's _pro se_ PCRA Petition, and therefore, satisfies the requirements of Pa.R.App.P. § 1925(a);[1]

**IT IS HEREBY ORDERED** that the Clerk of Courts, Criminal, transmit the record in the above-captioned matter to the Superior Court forthwith.

By the Court:

Kelly L. Banach,                                   J.

---

[1] A copy of the Order is attached as Exhibit "A" for the Superior Court's convenience.

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA       |

          vs.                             |     No.     1175/ 2014

ANTHONY HEATH,                     |
                Defendant       |

### ORDER

**AND NOW**, this 11th day of January, 2019, upon consideration of Petitioner's *pro se* Motion for Post-Conviction Collateral Relief, filed on August 15, 2018, and the Petitioner's Response, filed on December 21, 2018;[1]

**IT APPEARING** that on November 26, 2018, the Petitioner was provided with Notice of the Court's Intention to Dismiss the PCRA Petition pursuant to Pa.R.Crim.Pro. §907 without a hearing;[2]

**IT FURTHER APPEARING** that upon review of the foregoing there are no genuine issues of material fact and that relief is not warranted;

**IT IS ORDERED** that the Petitioner's PCRA Petition is hereby **DENIED AND DISMISSED** pursuant to Pa.R.Crim.Pro. §907.

**NOTICE IS HEREBY PROVIDED** to Petitioner of the right to Appeal this Order to the Superior Court of Pennsylvania by filing a Notice of Appeal with the Clerk of Courts, Criminal Division, of Lehigh County within **30 days** of the date of this Order.

---

[1] The Court considers Petitioner's Response dated December 12, 2018, as timely under the Prison Mailbox Rule. *Com. v. Little*, 716 A.2d 1287, 1289 (Pa. Super. Ct. 1998).

[2] There is no absolute right to an evidentiary hearing on a Petition filed pursuant to 42 Pa.Con.Stat.Ann. §9545. "[A] motion of post-conviction relief may be disposed of without an evidentiary hearing if the judge, upon review of the motion, answer, and other matters of record, is satisfied that there are no genuine issues of material fact and that relief is not warranted." See *Com. v. Hardcastle*, 549 Pa. 450, 701 A.2d 541 (1997).

Exhibit "A"

**IT IS FURTHER ORDERED** that the Clerk of Courts, Criminal, is directed pursuant to Pa.R.Crim. §907(4), to forward a copy of this Order to the Petitioner[3] by Certified Mail, return receipt requested.

## REASONS FOR DISMISSAL

In the letter, pursuant to *Com. v. Finley*, 550 A.2d 213 (Pa.Super. 1988), Conflict Counsel reviewed the Petitioner's allegations in conjunction with the PCRA statute and relevant case law and has determined that the Petitioner's issues lack merit.[4] After our careful independent review of the record we agree. Conflict Counsel analyzed seven (7) comprehensible issues for review. Petitioner's response, filed on December 21, 2018, does not alleviate the lack of merit addressed by Conflict Counsel.[5]

The Post-Conviction Relief Act provides the sole means for obtaining post-conviction collateral relief. All petitions must be filed within one year of the date the judgment becomes final to be considered timely. 42 Pa.C.S.A. § 9545(b). If a Petition is timely, the act requires those seeking relief to plead and prove, by a preponderance of evidence, certain statutory requirements. In relevant part, Petitioner is required to show:

(1) a violation of the Constitution of this Commonwealth or laws of the United States or;
(2) ineffectiveness of counsel or;
(3) improper obstruction by government officials of the right to appeal a properly preserved issue in the trial court or;
(4) the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of trial if it had been introduced;

---

[3]     Anthony Heath, MC0569
SCI Greene
169 Progress Drive
Waynesburg, PA 15370

[4] We note that the Petitioner attached a voluminous (50+ page) supplemental attachment to his *pro se* Motion for PCRA relief.

[5] Petitioner also filed a contemporaneous *pro se* Amended PCRA with his response. The Rules of Criminal Procedure contemplate that amendments to pending PCRA petitions are to be "freely allowed to achieve substantial justice," Pa.R.Crim.P. 905(A), but Rule 905 amendments are not "self-authorizing" such that a petitioner may simply "amend" a pending petition with a supplemental pleading. See *Com v. Porter*, 613 Pa. 510, 523-24, 35 A.3d 4, 12 (2012).

2

See 42 Pa.C.S.A. § 9543(a).

In addition, the Act also requires that the allegation of error has not been previously litigated or waived and that the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic, or tactical decision by counsel. 42 Pa.C.S.A. § 9543(a)(3)-(a)(4).

As a preliminary matter, the Petitioner's PCRA is timely and this Court has jurisdiction to consider the Petitioner's claims. Petitioner's PCRA was filed on August 15, 2018. The Pennsylvania Supreme Court denied discretionary review on August 30, 2017. Therefore, the PCRA was filed within one year and his Petition is considered timely. 42 Pa.C.S.A. § 9545(b).

Petitioner's first claim is that government officials improperly interfered with his appellate rights. This claim is meritless as Petitioner was provided with court-appointed counsel and did, in fact, file a direct appeal reviewed by the Superior Court and subsequently denied *allocatur* by the Pa. Supreme Court on August 30, 2017.

Petitioner's second claim, that exculpatory evidence is now available, is meritless and unsupported by the record. Conflict Counsel found that Petitioner failed to identify any newly-discovered evidence and that his argument was entirely based on facts known at the time of the filing of the Omnibus Pretrial Motion.

In the Petitioner's response, he claims a witness, Mr. John Rodriguez, "has pertinent information being video footage of the entire consensual sexual session, which would have clearly provided mitigating evidence due to the fact that [Petitioner] testified that the [victim] died during sex." Petitioner further claims that said witness would provide testimony "that [Petitioner] had permission to drive her vehicle over the weekend in question which would have clearly mitigated the criminal charges of motor-vehicle theft and receiving stolen property." Petitioner's Response at 2.

3

We find insufficient evidence to consider such bold assertions. Petitioner seems to confuse alleged mitigating evidence and exculpatory evidence. Nevertheless, in Petitioner's PCRA he admits that no affidavit exists, he has no such contact information for this alleged witness, if he exists, and that this information was known at the time of trial. Petitioner's PCRA at p. [7.19] ¶53. Therefore, Petitioner has failed to meet his burden by a preponderance of the evidence. 42 Pa.C.S.A. § 9543 (a)(2)(vi).

Furthermore, these allegations are contrary to the facts of record. Petitioner confessed to police that he became enraged with the victim, grabbed a stereo wire, and used it to strangle the victim until she was dead. See *Com. v. Heath*, No. 2577 EDA 2015, 2017 WL 678825, at *3 (Pa. Super. Ct. Feb. 21, 2017). The victim's body was subsequently dismembered, discarded at the bottom of a roadside embankment, and set on fire. Petitioner fled to North Carolina in the victim's vehicle where he was subsequently stopped and arrested by police. *Id.* The Superior Court found that Petitioner had waived his *Miranda* rights and provided a voluntary confession. *Id.* The Court cannot ignore the facts of record that Petitioner references as "Commonwealth information."

Petitioner's third claim that he was denied his constitutional right to call witnesses on his behalf is waived for purposes of collateral review because it was not raised in his direct appeal. Further, even if the issue was cognizable, as discussed supra, the witness testimony proffered by the Petitioner cannot be considered "material and favorable" in light of Petitioner's confession that he killed the victim, intentionally disposed of her body, and fled the jurisdiction in her car.

Petitioner's fourth claim that this Court committed reversible error by failing to recuse itself is waived because it was not raised on direct appeal. Nevertheless, even if cognizable under the Act, it is meritless as Petitioner was tried by a jury and he has not

4

demonstrated how this Court interfered with the jury's ability to fairly and impartially reach a verdict.

Petitioner's fifth claim that he was unlawfully seized by the police in North Carolina was not raised on direct review and is therefore waived. After a review of the record, it is disingenuous for the Petitioner to argue he had permission to drive the victim's vehicle after killing her. Here, the police discovered the burned remains of a homicide and began an investigation. The investigation led the police to the home of the victim where her vehicle was found to be missing and subsequently reported stolen. Whether the Petitioner had permission to drive the vehicle, at some point in time, is irrelevant to his stop in North Carolina. The police had probable cause to believe a crime had been committed.

Petitioner's sixth claim that the Commonwealth withheld exculpatory physical evidence was not raised in direct appeal and is waived. Regardless, Petitioner concedes that the attorney for the Commonwealth, on the record, certified that the thyroid cartilage he sought to review was not in possession or control of the Commonwealth.

Finally, Petitioner claims ineffective assistance of Appellate Counsel for failing to raise the issues detailed above on direct appeal. The overwhelming majority of appellant's claims sound in ineffective assistance of counsel, implicating *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, the Petitioner neglects that many of his perceived issues can be traced to his choice to proceed *pro se* at trial (failure to secure subpoenas, failure to present mitigating evidence, failure to call witnesses, failure to challenge evidence, failure to examine evidence). It is well known that a [Petitioner] may not raise ineffectiveness claims that challenge his own performance as counsel. Faretta v. CA, 422 U.S. 806, 834 n. 46, 95 S.Ct.

5

2525; *C. v. Szuchon*, 484 A.2d 1365 (& 1984) See also *Com. v. Bryant*, 579 Pa. 119, 141, 855 A.2d 726, 739 (2004).

Here, Petitioner cannot disguise his own ineffectiveness by alleging deficient performance of Appellate Counsel. It is axiomatic that an attorney cannot be deemed ineffective for failing to pursue a meritless claim. See *Com v. Henderson*, No. 137 WDA 2017, 2018 WL 700834, at *7 (Pa. Super. Ct. Feb. 5, 2018). Appellate Counsel was well aware of Petitioner's self-representation and did not raise such meritless issues.

Accordingly, upon a review of the foregoing there are no genuine issues of material fact and the Court finds that relief is not warranted.

By the Court:

_____
Kelly L. Banach,                    J.

6

DATE:       INITIALS: _MLC_

I/O: 8/28/2019

E-MAIL:

PERSONAL:

REGULAR MAIL: Dept-SCI    -MC0569

OTHER:          Greene